STATE of Utah, Plaintiff and Appellee,

v.

John SIMONETTE, Defendant and Appellant.

No. 930361–CA.

Court of Appeals of Utah.

Sept. 13, 1994.

Ronald S. Fujino, Salt Lake Legal Defender Ass'n (argued), Salt Lake City, for appellant.

J. Mark Andrus, Asst. Atty. Gen. (argued), and Jan Graham, State Atty. Gen., Salt Lake City, for appellee.

Before BENCH, DAVIS and GREENWOOD, JJ.

## OPINION

BENCH, Judge:

Defendant appeals the trial court's order of restitution. We affirm.

## FACTS

On September 11, 1992, defendant was charged by information with forcible sexual abuse of his girlfriend's sixteen-year-old daughter, K.J. Two months later, defendant pleaded guilty to attempted forcible sexual abuse of K.J. The trial court ordered defendant to complete a ninety-day diagnostic evaluation with the Department of Corrections. After the evaluation, the trial court sentenced defendant to zero to five years in prison and ordered him to pay a fine, surcharge, and recoupment fee. The court also ordered defendant to pay restitution for treatment of both K.J. and her brother, J.T., whom defendant admitted having physically abused. Defendant's counsel requested the court to reconsider its order requiring defen-

dant to pay restitution for J.T., but the court denied counsel's request. Defendant now appeals the trial court's restitution order pertaining to J.T.'s treatment.

## ANALYSIS

Defendant argues that the trial court erred when it ordered restitution for J.T.'s treatment since defendant was not charged with any offense involving J.T. We disagree.

Utah Code Ann. § 76–3–201(3)(a)(i) (1990) provides, in pertinent part:

> When a person is adjudged guilty of criminal activity which has resulted in pecuniary damages, in addition to any other sentence it may impose, the court shall order that the defendant make restitution up to double the amount of pecuniary damages to the victim or victims of the offense of which the defendant has pleaded guilty, is convicted, *or to the victim of any other criminal conduct admitted by the defendant to the sentencing court* unless the court in applying the criteria in Subsection (3)(b) finds that restitution is inappropriate.

*Id.* (emphasis added).[1] In *State v. Snyder*, 747 P.2d 417 (Utah 1987), the supreme court affirmed the trial court's sentencing order requiring defendant to pay restitution to victims not named in the information. *Id.* at 421. Defendant was convicted of eight counts of theft for defrauding investors in a condominium project. Defendant stipulated that he had sold condominiums to twenty additional investors, although they were not named in the information. Since defendant admitted this criminal conduct, the supreme court held that the trial court had properly ordered defendant to pay restitution for all twenty-eight investors. *Id.* at 421–22.

In the present case, the trial court ordered defendant to undergo a diagnostic evaluation with the Department of Corrections prior to sentencing. In the diagnostic evaluation report, defendant admitted that he physically abused J.T.[2] The trial court ordered the

---

1. For the current version of this statute, see Utah Code Ann. § 76–3–201(4) (Supp.1994).

2. Defendant argues that *State v. Johnson*, 856 P.2d 1064 (Utah 1993) governs the present case. *Johnson*, however, is distinguishable. In *Johnson*, the supreme court held that a report pre-

diagnostic report to assist the court in sentencing defendant. Thus, defendant knew that the trial court would use the diagnostic report as a basis for sentencing. As such, defendant admitted to the sentencing court that J.T. was a victim of his criminal conduct. Therefore, the trial court did not err in ordering defendant to pay restitution for J.T.'s counseling and treatment.

## CONCLUSION

The trial court did not err when it ordered defendant to pay restitution for J.T. We therefore affirm the trial court's order of restitution.

DAVIS and GREENWOOD, JJ., concur.

pared for a sentencing hearing that consisted of double and triple hearsay was unreliable and speculative since defendant vigorously denied the hearsay allegations. The report, therefore, could not stand as the sole basis for sentencing the defendant. *Id.* at 1071–72. Unlike *Johnson,* the diagnostic evaluation report in the present case contains defendant's own admissions that he physically abused J.T.